IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| URBANA SCHOOL DISTRICT NO. 116 ) ) | COMPLAINT |
| v. ) ) | JURY TRIAL DEMAND |
| Defendant ) ) | |
| and ) ) | |
| URBANA EDUCATION ASSOCIATION, IEA-NEA ) ) ) | |
| Rule 19 Defendant ) ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party Charles Koplinski and a class of teachers over the age of 45. As alleged with greater particularity in paragraphs 8-17 below, Defendant, the Urbana School District No. 116, discriminated against Koplinski and a class of teachers over the age of 45 with respect to their compensation because of their age.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

1

which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of Illinois, Urbana Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times, Defendant, Urbana School District No. 116 ("Urbana School District"), has continuously been a local government agency of the City of Urbana.

5.  At all relevant times, Defendant Urbana School District has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

6.  Defendant, the Urbana Education Association, IEA-NEA ("the Union"), is a party to a collective bargaining agreement with the Defendant Urbana School District and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

## CONCILIATION

7.  Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance

with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

8. Since at least 2012, Defendant Urbana School District has engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1) 15, by discriminating against Charles Koplinski and a class of teachers over the age of 45 with respect to their compensation, because of their age.

9. More specifically, Urbana School District has limited the salary increases of Koplinski and other teachers over the age of 45 pursuant to Article 21, Section 12 of a collective bargaining agreement (CBA) between the Urbana School District and the Union, which limits earnings increases of teachers who are less than ten years from retirement eligibility to no more than six percent of their prior year's total reportable creditable earnings. Article 21, Section 12 provides:

> Notwithstanding any of the other provisions of this agreement, no teacher who is less than ten (10) years from retirement eligibility may receive an overall increase in total reportable creditable earnings in excess of six percent (6%) of the previous year's total reportable creditable earnings, unless the payment causing the teach to exceed the six percent (6%) salary threshold is specifically exempt by statement or regulation from the payment of any penalty of other monies constituting a surcharge to the Teachers' Retirement System. Should the Illinois General Assembly or the Teachers' Retirement System impose a salary threshold greater or lesser than the six percent (6%) threshold thereby causing the payment of any penalty or other monies constituting a surcharge to TRS, then this agreement shall automatically incorporate this new threshold upon its effective date.

Retirement eligibility is based on a combination of age and years of service. Article 21, Section 12 violates the ADEA by limiting pay increases because of age.

10. Koplinski was born in 1965. He was hired in 1991 at the Urbana Middle School, where he teaches eighth grade language arts. In 2008, Koplinski obtained his Master's degree.

11.     During the 2014-15 school year, Koplinski was at MA+30, Step 24 on the salary schedule applicable to Urbana School District teachers.

12.     Prior to the 2015-16 school year, Koplinski obtained sufficient post-Master's education credits so that he moved from MA +30, Step 24 on the salary schedule, to MA+60, Step 25, for the 2015-16 school year. The classes and seminars that Koplinski took to move from MA+30 to MA +60 had to be approved by the School District.

13.     According to the 2015-16 Salary Schedule, the salary for a teacher at MA+60, Step 25 is $77,242. Because of Article 21.12, Koplinski's salary for the 2015-16 school year was $73,880.94.

14.     If Koplinski's years of teaching service and placement on the salary schedule remained the same, but Koplinski were age 44 during the 2015-16 school year instead of age 50, his salary would have been $77,242.

15.     For the 2016-17 school year, Koplinski was at MA+60, Step 26 on the 2016-17 Salary Schedule. According to the 2016-27 Salary Schedule, the salary for a teacher at MA+60, Step 26 is $79,945. Because of Article 21.12, Koplinski's salary for the 2016-17 school year was $78,313.80.

16.     If Koplinski's years of teaching service and placement on the salary schedule remained the same, but Koplinski were age 44 during the 2016-17 school year instead of age 51, his salary would have been $79,945.

17.     Koplinski applied to teach summer school during the summer of 2018, but his request was denied, because the stipend he would have received would have caused his total reportable creditable earnings to exceed his prior year's total reportable creditable earnings by more than six percent.

18. The effect of the practices complained of in paragraphs 8-17 above has been to deprive Koplinski and a class of teachers over the age of 45 of equal employment opportunities and otherwise adversely affect their status as employees, because of their age.

19. The unlawful employment practices complained of in paragraphs 8-17 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Urbana School District, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees with respect to their compensation because of age.

B. Order Defendant Urbana School District to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 45 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Urbana Defendant School District to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld because of the acts complained of above, including but not limited to Charles Koplinski and a class of teachers over the age of 45.

D. Order Defendant Urbana School District to make whole Charles Koplinski and a class of teachers over the age of 45 by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

August 10, 2018

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

GREGORY M. GOCHANOUR
Regional Attorney

Deborah Hamilton
Supervisory Trial Attorney

/s/ Ethan M. M. Cohen
Ethan M. M. Cohen
Trial Attorney
U.S. Equal Employment Opportunity Commission
500 West Madison, Room 2000
Chicago, Illinois 60661
(312) 869-8104
(312) 869-8124 (fax)
ethan.cohen@eeoc.gov
Illinois ARDC #6206781

/s/ Ann Henry
Trial Attorney
U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8098
(312) 869-8124 (fax)
ann.henry@eeoc.gov
ARDC # 6272394