E-FILED
Tuesday, 24 September, 2019  10:31:05 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-2212 |
| | ) | |
| URBANA SCHOOL DISTRICT NO. 116, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| URBANA EDUCATION ASSOCIATION, IEA-NEA, | ) | |
| | ) | |
| Rule 19 Defendant | ) | |

<u>**ANSWER and AFFIRMATIVE DEFENSES**</u>
<u>**OF URBANA SCHOOL DISTRICT NO. 116**</u>

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.  626(b) (the "ADEA"), which incorporates by reference Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

**ANSWER:**

   **The School District admits that the EEOC invokes jurisdiction as set forth in Paragraph 1.**

2. The employment practices alleged to be unlawful were and are now being coming committed within the jurisdiction of the United States District Court for the Central District of Illinois, Urbana Division.

**ANSWER:**

   **The School District admits that the conduct alleged in Plaintiff's Complaint occurred within the jurisdiction of the United States District Court for the Central District of Illinois, Urbana Division, but denies any unlawful employment practices.**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

**ANSWER:**

   **The School District admits the allegations in Paragraph 3.**

4. At all relevant time, Defendant, Urbana School District no. 116 ("Urbana School District"), has continuously been a local government agency of the City of Urbana.

**ANSWER:**

   **The School District admits it is located in Urbana, Illinois.  The School District denies it is a local government agency of the City of Urbana, and affirmatively states it is a school district established under the laws of the State of Illinois.**

5. At all relevant times, Defendant Urbana School District has continuously been an employer within the meaning of Section 119b) of the ADEA, 29 U.S.C. §630(b).

**ANSWER:**

   **The School District admits the allegations in Paragraph 5.**

6. Defendant, the Urbana Education Association, IEA-NEA ("the Union"), is a party to a collective bargaining agreement with the Defendant Urbana School District and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

**ANSWER:**

   **The School District admits the Urbana Education Association, IEA-NEA is a party to a collective bargaining agreement with the Board of Education of Urbana School District #116.  The School District lacks sufficient knowledge to admit or deny the factual allegations and legal conclusions set forth in Paragraph 6.**

7. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

**ANSWER:**

   **The School District denies it committed any unlawful employment practices, and admits the remaining allegations in Paragraph 7.**

8. Since at least 2012, Defendant Urbana School District has engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. §623(a)(1)15, by

discriminating against Charles Koplinski and a class of teachers over the age of 45 with respect to their compensation because of their age.

**ANSWER:**

**The School District denies the allegations in Paragraph 8.**

9. More specifically, Urbana School District has limited the salary increases of Koplinski and other teachers over the age of 45 pursuant to Article 21, Section 12 of the collective bargaining agreement (CBA) between the Urbana School District and the Union, which limits earnings increases of teachers who are less than ten years from retirement eligibility to no more than six percent of their prior year's total reportable creditable earnings. Article 21, Section 12 provides:

> Notwithstanding any of the other provisions of this agreement, no teacher who is less than ten (10) years from retirement eligibility may receive an overall increase in total reportable creditable earnings in excess of six percent (6%) of the previous year's total reportable creditable earnings, unless the payment causing the teach[er] to exceed the six percent (6%) salary threshold is specifically exempt by statement or regulation from the payment of any penalty of other monies constituting a surcharge to the Teachers' Retirement System. Should the Illinois General Assembly or the Teachers' Retirement System impose a salary threshold of greater or lesser than the six percent (6%) threshold thereby causing the payment of any penalty or other monies constituting a surcharge to TRS, then this agreement shall automatically incorporate this new threshold upon its effective date.

> Retirement Eligibility is based on a combination of age and years of service. Article 21, Section 12, violates the ADEA by limiting pay increases because of age.

**ANSWER:**

**The School District admits that the language set forth in Paragraph 9 exists in the collective bargaining agreement between the UEA and the Board of Education of Urbana School District #116, and further asserts the language speaks for itself. The School District admits that the salary of Koplinski and some other teachers were limited to a six percent increase over their respective creditable earnings of the prior school year based on retirement eligibility. The School District admits that retirement eligibility is based on a combination of age and years of service, and denies the remaining allegations set forth in Paragraph 9.**

10. Koplinski was born in 1965. He was hired in 1991 at the Urbana Middle School, where he teaches eighth grade language arts. In 2008, Koplinski obtained his Master's degree.

**ANSWER:**

**The School District admits the allegations in Paragraph 10.**

11. During the 2014-15 school year, Koplinski was at MA+30, Step 24 on the salary schedule applicable to Urbana School District teachers.

**ANSWER:**

**The School District admits the allegations in Paragraph 11.**

12. Prior to the 2015-16 school year, Koplinski obtained sufficient post-Master's education credits so that he moved from MA +30, Step 24 on the salary schedule, to MA +6-, Step 25, for the 2015-16 school year. The classes and seminars that Koplinski took to move from MA +30 to MA +60 had to be approved by the School District.

**ANSWER:**

**The School District admits the allegations in Paragraph 12.**

13. According to the 2015-16 Salary Schedule, the salary for a teacher at MA +60, Step 25 is $77, 242. Because of Article 21.12, Koplinski's salary for the 2015-16 school year was $73,880.94.

**ANSWER:**

**The School District admits the allegations in Paragraph 13.**

14. If Koplinski's years of teaching service and placement on the salary schedule remained the same, but Koplinski were age 44 during the 2015-16 school year instead of age 50, his salary would have been $77,242.

**ANSWER:**

**The School District admits the allegations in Paragraph 14.**

15. For the 2016-17 school year, Koplinski was at MA +60, Step 26 on the 2016-17 Salary Schedule. According to the 2016-[1]7, the salary for a teacher at MA +60, Step 26, is $79,945. Because of Article 21.12, Koplinski's salary for the 2016-17 school year was $78,313.80.

**ANSWER:**

**The School District admits the allegations in Paragraph 15, assuming a corrected date of "2017" for "2027."**

16. If Koplinski's years of teaching service and placement on the salary schedule remained the same, but Koplinski were age 44 during the 2016-17 school year instead of age 51, his salary would have been $79,945.

**ANSWER:**

**The School District admits the allegations in Paragraph 16.**

17. Koplinski applied to teach summer school during the summer of 2018, but his request was denied, because the stipend he would have received would have caused his total reportable creditable earnings to exceed his prior year's total reportable creditable earnings by more than six percent.

**ANSWER:**

**The School District admits Koplinski applied to teach summer school during the summer of 2018. The School District admits that the summer school stipend he would have received would have caused his total reportable creditable earnings to exceed his prior year's total reportable creditable earnings by more than six percent. The School District lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore denies same.**

18. The effect of the practices complained of in paragraphs 8-17 above has been to deprive Koplinski and a class of teachers over the age of 45 of equal employment opportunities and otherwise adversely affect their status as employees, because of their age.

**ANSWER:**

**The School District denies the factual allegations and legal conclusions set forth in Paragraph 18.**

19. The unlawful employment practices complained of in Paragraphs 8-17 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

**ANSWER:**

**The School District denies the factual allegations and legal conclusions set forth in Paragraph 19.**

## <u>AFFIRMATIVE DEFENSES</u>

NOW COMES the Board of Education of Urbana School District #116, by and through its attorneys, Dennis L. Weedman and Susan E. Nicholas of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., and for its affirmative defenses, states:

## <u>AFFIRMATIVE DEFENSE ONE</u>

1. That the pension status, specifically retirement eligibility, of Koplinski and other similarly-situated teachers, and the avoidance of pension surcharges were the motivating factor in the decision to limit salary increases at six percent of the previous year's creditable earnings.
2. Retirement eligibility is determined using both age and years of service, and the salary limitation was implemented in order to avoid a surcharge by the Illinois Teachers' Retirement System.
3. Plaintiff cannot establish "but-for" causation required to establish a violation of the Age Discrimination in Employment Act.

## <u>AFFIRMATIVE DEFENSE TWO</u>

1. The Illinois Pension Code defines the terms for eligibility to retire, combining both age and years of service.
2. The Illinois Pension Code defines a threshold of six percent for increases in creditable earnings in the final average salary of an employee.
3. The Illinois Pension Code imposes a significant penalty, or surcharge, to school district employers who exceed the six percent threshold in the final average salary of an employee.
4. The final average salary is the highest four consecutive years within the last ten years of creditable service.  40 ILCS 5/16-133(b).
5. The language in the collective bargaining is intended to avoid a surcharge for salary increases in excess of six percent under the Illinois Pension Code.
6. This reasoning constitutes a reasonable factor other than age, thereby negating liability under the Age Discrimination in Employment Act.

**Defendant demands a trial by jury.**

URBANA SCHOOL DISTRICT NO. 116

/s/ Susan E. Nicholas_____
  Susan E. Nicholas

Dennis L. Weedman ARDC# 6217120
**ROBBINS SCHWARTZ NICHOLAS**
  **LIFTON & TAYLOR, LTD.**
510 Regency Centre
Collinsville IL 62234
Telephone :  (618)343-3540
dweedman@robbins-schwartz.com


Susan E. Nicholas  ARDC# 6278132
**ROBBINS SCHWARTZ NICHOLAS**
  **LIFTON & TAYLOR, LTD.**
301 N. Neil Street, Suite 400
Champaign IL 61820
Telephone :  (217) 363-3040
snicholas@robbins-schwartz.com

<u>CERTIFICATE OF SERVICE BY ELECTRONIC MAILING</u>

I hereby certify that I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES with the Clerk of the Court using the CM/ECF SYSTEM on this 24th day of September, 2019, which constitutes service on below counsel, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D):

Ann M. Henry                                                      Attorneys for Plaintiff
U.S. Equal Employment Opportunity Commission
ann.henry@eeoc.gov


Ethan M. M. Cohen
U.S. Equal Employment Opportunity Commission
ethan.cohen@eeoc.gov



Michael H. Slutsky                                            Attorneys for Rule 19 Defendant
Allison, Slutsky & Kennedy, PC
slutsky@ask-attorneys.com

Ryan Matthew Thoma
Allison, Slutsky & Kennedy, PC
thoma@ask-attorneys.com


                                    <u>s/ Susan E. Nicholas</u>
                                    Susan E. Nicholas #6278132
                                    Robbins, Schwartz, Nicholas,
                                         Lifton & Taylor, Ltd.
                                    301 N. Neil Street, Suite 400
                                    Champaign IL 61820
                                    Telephone: 217.363.3040
                                    Fax: 217.345.3548
                                    Email: snicholas@robbins-schwartz.com