IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-cv-2212 ) |
| URBANA SCHOOL DISTRICT NO. 116, | ) ) ) ) |
| Defendant, | ) ) ) |
| and | ) ) |
| URBANA EDUCATION ASSOCIATION, IEA-NEA, | ) ) ) |
| Rule 19 Defendant. | ) |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is the parties' Joint Motion to Approve Consent Judgment, to which their proposed Consent Decree is attached an exhibit. d/e 47. In its Complaint, the Equal Employment Opportunity Commission ("EEOC") alleged that Defendant Urbana School District No. 116 violated Title VII by discriminating against Charles Koplinski and a class of teachers

over the age of 45 with respect to their compensation because of their age (the "Aggrieved Individuals"). d/e 1. The EEOC sought a permanent injunction prohibiting Defendant Urbana School District from discriminating on the basis of age with respect to their compensation; an order to Defendant Urbana School District to eradicate the efforts of its past and present unlawful employment practices; awards of backpay, liquidated damages, and prejudgment interest; and an award of costs to the EEOC. d/e 1.

The parties represent that they have reached an agreement in settlement of this dispute, and they now submit a proposed consent decree for this Court's approval; this agreement fully resolves the matter. d/e 47. The parties have agreed to injunctions against age discrimination in regards to compensation and retaliation on the part of the District, its board of education, school board members, officers, agents, employees, successors, assigns, and all persons acting in concert with it.

The proposed Consent Decree also provides for a monetary judgment of $206,301.35 in favor of the Aggrieved Individuals, to be allocated as indicated. The parties have also agreed that Defendant Urbana School District shall pay $5,274.07 to the EEOC.

The parties have agreed that Defendant Urbana School District will provide EEOC-approved training to its employees regarding the provisions of the ADEA.  The parties have also agreed that, for a period of three years from the Consent Decree's date, Defendant Urbana School District will post a Notice of this litigation and settlement, will keep record of each person who complains or reports of age discrimination or retaliation for complaining about age discrimination at Defendant Urbana School District, and will verity its compliance with the Notice and record-keeping in semi-annual written reports to the EEOC.

Finally, they propose that each party will bear its own costs, and that the Consent Decree will remain in effect, with the Court retaining jurisdiction, for three years from the date of the Consent Decree.

The approval of a consent decree falls within the discretion of the district court.  <u>Madison Cnty. Jail Inmates v. Thompson</u>, 773 F.2d 834, 845 (7th Cir. 1985).  Before entering the decree, the court "need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy, but need only determine that the settlement is fair, adequate, reasonable and

appropriate under the particular facts and that there has been valid consent by the concerned parties." Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights, 616 F.2d 1006, 1014 (7th Cir. 1980). "The district court may not deny approval of a consent decree unless it is unfair, unreasonable or inadequate." EEOC v. Hiram Walker & Sons, Inc., 768 F.2d 884, 889 (7th Cir. 1985). Further, in reviewing a consent decree, the district court pays deference to the expertise of the agency and the policy encouraging settlement. United States v. George A. Whiting Paper Co., 644 F.3d 368, 372 (7th Cir. 2011).

A consent decree entered into by the EEOC, the federal agency charged with the enforcement of Title VII, is entitled to a presumption of validity. See Donovan v. Robbins, 752 F.2d 1170, 1177 (7th Cir. 1985) (presumption in favor of approving consent decrees); see also Freedman v. Air Line Stewards & Stewardesses Ass'n, Local 550, 730 F.2d 509, 515 (7th Cir. 1984) (a strong general policy favoring voluntary settlements in Title VII cases because of Congress' express preference for settlement in such cases). Moreover, this Consent Decree lawfully provides the prospective and remedial relief the parties find is necessary and proper to resolve the issues raised by the Plaintiff's Complaint. The

Consent Decree was voluntarily entered into by the parties after the complaint was filed and substantial discovery was completed. As a result, the Court has considered the terms of the proposed Consent Decree, and finds that it is fair, reasonable, and adequate, and that it complies with Title VII.

Therefore, the parties' Joint Motion to Approve Consent Judgment (d/e 47) is GRANTED. Because the Consent Decree resolves all pending claims between the parties, once the Consent Decree is entered, this case should be closed.

**IT IS THEREFORE ORDERED:**

1.  The parties' Joint Motion to Approve Consent Decree (d/e 47) is GRANTED.

2.  The proposed Consent Decree (d/e 47, Ex. 1) is APPROVED by the Court.

3.  The Consent Decree's terms are INCORPORATED into this Order as if fully set forth herein.

4.  The Consent Decree SHALL be entered by the Clerk of the Court concurrently with this Order.

5.  The parties SHALL comply with the terms of the Consent Decree.

6.  The Court RETAINS jurisdiction in order to enforce the Consent Decree during its term, though the matter is finally resolved by the Consent Decree. Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994).

**ENTERED: April 16, 2024.**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**