**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,   ) | |
| ) | |
| Plaintiff,   ) | CIVIL ACTION NO. 2:18-cv-022 |
| ) | |
| URBANA SCHOOL DISTRICT NO. 116   ) | |
| ) | |
| v.   ) | JUDGE MYERSCOUGH |
| ) | |
| Defendant   ) | MAGISTRATE JUDGE LONG |
| ) | |
| and   ) | |
| ) | |
| URBANA EDUCATION ASSOCIATION, IEA-NEA   ) | |
| ) | |
| Rule 19 Defendant   ) | |
| ) | |

## CONSENT DECREE

### THE LITIGATION

1.      Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant, Urbana School District No. 116 ("Defendant" or "the District") violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq.*, by discriminating against a class of similarly situated employees of the district, specifically teachers[1] whose compensation was capped because of their age ("the Aggrieved Individuals"). Specifically, EEOC alleged that Defendant violated the ADEA by limiting the salary increases of teachers over the age of 45 pursuant to Article 21, Section 12 of the then existing collective bargaining agreement.

---

[1] Teachers as used throughout refers to teachers or other licensed or certificated employees.

2.      On November 7, 2023, the Court ruled in EEOC's favor, denying the District's motion for summary judgment and granting EEOC's motion for summary judgment on liability and partial summary judgment on damages.

3.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and the District and the undersigned Rule 19 Defendant, the Urbana Education Association, IEA-NEA ("Union") have agreed that the remaining issues in this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

4.      This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and shall be binding on the EEOC; on the District; on the District's board of education, school board members, directors, officers, employees, successors, and assigns; and on all persons in active concert or participation with the District.

5.      This Decree applies to the Union only to the extent set forth in Paragraph 8, below, but does not otherwise impose any affirmative obligations on the Union.

## FINDINGS

6.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

    (a)      This Court has jurisdiction over the subject matter of this action and the parties;

    (b)      The terms of this Decree are adequate, fair, reasonable, equitable, and just;

    (c)      The rights of the EEOC, the aggrieved individuals, the District, the Union, and the public interest are adequately protected by this Decree;

    (d)      This Decree conforms to the Federal Rules of Civil Procedure and the

ADEA and is not in derogation of the rights or privileges of any person; and

(e)    Entry of this Decree will further the objectives of ADEA and will be in the best interests of the EEOC, the Aggrieved Individuals, the District, the Union, and the public interest.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

### INJUNCTION AGAINST DISCRIMINATION AND RETALIATION

7.    The District, its board of education, school board members, officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from engaging in employment practices prohibited by the ADEA, specifically: (1) capping the salary increases a teacher may earn, denying a teacher the ability to engage in extra or supplemental work, or reducing the compensation a teacher may earn for engaging in such extra or supplemental work due to the teacher's age or proximity to retirement eligibility; and (2) engaging in any form of retaliation against any person because such person has opposed any practice prohibited by the ADEA, filed a charge of discrimination under the ADEA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADEA, or asserted any rights under this Decree.

8.    The District and the Union shall not enter into any agreement, or amend any existing agreement, to condition any teacher's working conditions, terms of employment, or compensation on a teacher's age or proximity to retirement eligibility. However, nothing in this Decree shall limit the right of the District or Union to offer, or the District and Union to agree upon, early retirement incentives allowable under the provisions of the ADEA.

## MONETARY RELIEF

9.      The District shall pay the gross aggregate sum of $206,301.35 to be distributed among the Aggrieved Individuals, identified in the below table.   The monetary relief will be allocated to the Aggrieved Individuals as follows:

| Name of Aggrieved Individual | Monetary relief owed |
|---|---|
| Behrensmeyer, Susan | $2,677.12 |
| Blackman, Randy | $2,174.72 |
| Douglas (formerly Bullock), Letitia | $586.32 |
| Bustos, Lourdes | $450.90 |
| Cohen, Laura | $5,418.96 |
| Cortright, Rebecca | $15,121.07 |
| Czelder, Stephanie | $999.46 |
| Ditchfield, Cynthia | $3,731.45 |
| Dyer, Carolyn | $6,899.99 |
| Finch, Jennifer | $8,512.27 |
| Griffin, Lorena | $3,520.31 |
| Haber Hiestand, Laura | $1,043.17 |
| Headtke, Molly | $748.89 |
| Howie, Cynthia | $2,778.91 |
| Irani, Aban | $1,012.69 |
| Kassem, Tricia | $10,543.41 |
| Killion, Katherine | $9,974.62 |
| Kingry, Sheila | $682.98 |
| Kinnamon, Margaret | $1,518.99 |
| Koplinski, Charles | $17,113.70 |
| Lundberg, Melinda | $2,470.66 |
| McClellan, Kathy | $2,803.32 |
| McElwain, Renee | $694.65 |
| McGinty, Megan | $16,753.43 |
| Mclean, Katherine | $588.19 |
| Mesri, Lorna | $299.80 |
| Mills, Kelli | $12,918.76 |
| Morrison, Jonathan | $18,433.28 |
| Neal, Tamra | $313.37 |
| Powell, Jennifer | $1,056.90 |
| Quinn, Lisa | $3,297.10 |
| Quisenberry, Jill | $2,693.77 |
| Rudisill, Gail | $8,408.80 |

| | |
|---|---|
| Schreiber, Karen | $1,038.53 |
| Shaw, Michelle | $6,650.36 |
| Uebelhoer, Stacy | $616.58 |
| Voudrie, Mary | $416.52 |
| Welch, Tracy | $494.23 |
| Williams, Theresa | $27,971.03 |
| Wyatt, Angela | $2,868.13 |

**Exhibit A** to the Consent Decree contains an itemization of damages, including the amount of lost salary and the time period (school year), when the Aggrieved Individual should have received the lost salary.

10.     No later than seven (7) calendar days after entry of the Consent Decree, EEOC will send a letter via U.S. Mail to the last known home address and/or via email to each Aggrieved Individual notifying the Aggrieved Individual of the settlement, the amount of monetary relief allocated to the Aggrieved Individual, and a copy of the Release in the form attached hereto as **Exhibit B**. Any Aggrieved Individual who does not return a signed Release to EEOC within sixty (60) calendar days after the approval of this Decree by the District Court will be barred from receiving any monetary relief, absent a showing of good cause for failing to timely return a release.

11.     Within thirty (30) calendar days of EEOC providing a copy of a release signed by an Aggrieved Individual to the District, the District shall cause the Aggrieved Individual to be paid the gross sum specified in paragraph 9. Fifty percent (50%) of Charles Koplinki's monetary relief is an award of lost salary and the remaining 50% is non-wage liquidated damages. The monetary relief for all other Aggrieved Individuals constitutes an award of lost salary. The District shall deduct the employee's share of applicable payroll taxes and other deductions (e.g., TRS contributions) from payments designated as lost salary, but may not deduct the employer's share of applicable taxes or other deductions from the amount to be paid to the Aggrieved

5

Individuals. The District and each Aggrieved Individual shall each bear full responsibility for their own portion of any tax liability arising from this agreement. The District shall send payment in the amount and to the address specified in the applicable release via Certified or Registered Mail or, alternatively, via electronic deposit. Such payments shall be separate from any payments made for regular payroll purposes or from any payments otherwise made payable to such individuals. Contemporaneously, the District shall submit a copy of the check(s) or a receipt or other record showing the electronic deposit to EEOC and the Union.

12.    Returned or Uncashed Checks. The District shall promptly notify EEOC in writing of any checks that are returned or are not cashed after ninety (90) calendar days have elapsed from the date on which the settlement checks were mailed. If any Aggrieved Individual's check is undeliverable or uncashed, and the EEOC determines after the exercise of due diligence and after notifying the Union that the Aggrieved Individual cannot be located, the missing Aggrieved Individual shall receive no payments under the Decree.

13.    The District will issue W-2 forms reflecting the lost salary payments made to each Aggrieved Individual and a 1099 form for liquidated damages to Koplinski.

14.    Monetary payments will be made on behalf of deceased claimants through representatives of their estate or next of kin if the EEOC determines that appropriate documentation (e.g., letters testamentary or the equivalent), has been provided. Any sums paid to a deceased claimant shall be made payable to the estate of the deceased claimant, or if no estate exists, to the decedent's next of kin or as otherwise provided for in documents governing the receipt of payments by the decedent.

## COSTS

15.     Within thirty (30) calendar days after approval of this Decree by the District

Court, Defendant shall pay **$5,274.07** to EEOC. Such payment represents reimbursement for

EEOC's litigation costs in this action. Defendant shall send a check made <u>payable to the United</u>

<u>States Treasury</u> via Certified or Registered Mail to the following address and provide proof of

mailing/payment to EEOC.

> Interior Business Center, IBC Collection Officer
> c/o Equal Employment Opportunity Commission
> Attention: EEOC Billings and Collections
> 7301 W. Mansfield Avenue
> Mail Stop D 2770
> Denver, CO 80235

## TRAINING

16.     Between sixty (60) and fourteen (14) calendar days before the opening of

negotiations of a new collective bargaining agreement, all members of the District's School

Board along with any administrators, managers or human resources staff who have in the past or

are likely in the future to participate in the negotiation of a collective bargaining agreement with

the Union, shall receive a training of at least sixty (60) minutes duration regarding the provisions

of the ADEA.

17.     The District shall provide EEOC with the name and qualifications of the outside

trainer(s) and the proposed training content and materials no less than twenty-one (21) calendar days

before the training is scheduled to begin. EEOC has ten (10) calendar days in which to object, in

writing, to the qualifications of the outside trainers selected by the District and the proposed training

content and materials.

18.     No later than seven (7) calendar days after the training session described above

takes place, the District shall certify to the EEOC in writing that the required training session has

taken place and the required personnel have attended. Every certification of training described in this paragraph must include:

    (a)    the date, location, and duration of the training;

    (b)    a copy of the registry of attendance, which shall include the name and position of each person trained;

    (c)    a current list by name and position of all individuals subject to the training requirement; and

    (d)    copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the individuals attending each training session, if not already provided to the EEOC.

<u>POSTING AND DISTRIBUTION OF NOTICE</u>

19.    No later than fourteen (14) calendar days after entry of this Decree, the District shall post copies of the Notice attached as **Exhibit C** to this Decree: (a) on its website in a conspicuous location accessible to all employees, and (b) in a conspicuous location on all bulletin boards or other physical space that are regularly used by the District for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Decree. The District shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. The District shall permit a representative of the EEOC to enter the District's premises (or to access the pertinent section of the District's website, if it is not accessible to the public) for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

20.    No later than fourteen (14) calendar days after entry of this Decree, the District shall distribute a copy of the Notice attached as **Exhibit B** to this Decree to all employees via electronic mail.

8

21.     No later than twenty-one (21) calendar days after entry of this Decree, the District shall certify to EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraphs 19 and 20 above.

## RECORD KEEPING

22.     During the term of this Decree, the District shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report made by or on behalf of any employee of age discrimination or retaliation for complaining about age discrimination. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, the District took; and (e) if the complaint or report was made in written form, a copy thereof.

23.     The District shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.

## REPORTING

24.     The District shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

(a)    copies of all records described in Paragraph 22, above, for the six (6) month period preceding the Semi-Annual Report or a certification by the District that no complaints or reports of discrimination were received during that period;

(b)    a list including the name, address, phone number, and email address of each teacher, if any, 1) whose base salary was reduced from the applicable amount on the salary schedule for any reason related to age or proximity to retirement eligibility, identifying the amount paid, the amount of the salary reduction, and reason(s) for the reduction; 2) whose compensation for performing additional duties was reduced for any reason related to age or proximity to retirement eligibility, identifying the amount paid, the amount compensation was reduced, and the reason(s) for the reduction; or 3) who was denied the opportunity to engage in additional duties due to their age or proximity to retirement eligibility, identifying the additional duties the teacher was denied the opportunity to perform, the amount of pay for such work, and the reasons for the denial.

(c)    a certification by the District that the Notices required to be posted pursuant to Paragraph 19 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

## DISPUTE RESOLUTION

25.    If during the term of this Decree any party to the Decree believes that another party has failed to comply with any provision(s) of the Decree, the complaining party shall notify

the alleged non-complying party of the alleged non-compliance and shall afford the alleged non-complying party fourteen (14) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) calendar days, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate. The Court shall have available to it all remedies for correcting non-compliance by any party that are within the inherent powers of the Court.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

26.      All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of three (3) years immediately following the entry of the Decree, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 25, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

27.      Except as provided in paragraph 15, each party to this Decree shall bear its own expenses and attorneys' fees.

28.      The District shall not condition the receipt of monetary relief on the agreement of any Aggrieved Individual to: (a) waive any statutory rights to file a charge with any governmental agency; (b) enter into a non-disparagement or confidentiality agreement; (c) agree

not to re-apply to work for the District; or (d) any other condition not otherwise permitted by this Decree.

29.     The terms of this Decree are and shall be binding on the present and future board members, directors, officers, managers, agents, successors and assigns of the District.

30.     When this Decree requires a certification by the District of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of the District.  When this Decree requires the submission by the District of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to Urbana School District No. 116 Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn, #2920, Chicago, IL  60604.  By advance agreement of the parties, materials may alternatively be submitted by electronic mail.

SO ORDERED, ADJUDGED, and DECREED on this 17th day of _April_ 2024.

By the Court:

s/ Sue E. Myerscough

The Hon. Sue E. Myerscough
United States District Judge

ADOPTED this 2nd day of April, 2024:

BOARD OF EDUCATION
URBANA SCHOOL DISTRICT NO. 116

Board President

ATTEST:

Board Secretary

Agreed to in form and content:

For the UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION:

*Gregory Gochanour*

GREGORY M. GOCHANOUR
Regional Attorney
Equal Employment Opportunity
Commission
Chicago District Office
230 S Dearborn, Suite 2920
Chicago, Illinois 60604

*Ann Henry*

ANN HENRY
Acting Supervisory Trial Attorney

*Emma Heo*

EMMA HEO
Trial Attorney

For URBANA EDUCATION
ASSOCIATION IEA, NEA:

*Michael H. Slutsky*

Michael H. Slutsky
Of Counsel
Alison Slutsky & Kennedy, P.C.
230 West Monroe Street, Suite 2000
Chicago, IL 60606

For URBANA SCHOOL DISTRICT NO. 116:

*Susan E. Nicholas*

Susan E. Nicholas
Robbins Schwartz
301 N. Neil St., Suite 400
Champaign, IL 61820-3169

13

# EXHIBIT A

| | | 2014-15 | 2015-16 | 2016-17 | 2017-18 | 2018-19 | 2019-20 | 2020-21 | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Susan Behrensmeyer | Back Pay Salary | | $1,882.37 | | | | | | | $1,882.37 |
| | Back Pay Supplemental | | | | | | | | | |
| | Actual Pay | $67,785.50 | $72,277.63 | $76,245.00 | $78,916.00 | $81,611.25 | $84,200.00 | $89,912.50 | | |
| | Adjusted Pay | | $74,160.00 | $76,245.00 | $78,916.00 | $81,611.25 | $84,200.00 | $89,912.50 | | |
| | | | | | | | | | | |
| Randy Blackman | Back Pay Salary | | | | | | | | | |
| | Back Pay Supplemental | | | $1,281.68 | $321.68 | | | | | $1,603.36 |
| | Actual Pay | $94,129.50 | $97,475.47 | $97,576.43 | $101,072.68 | n/a | n/a | n/a | | |
| | Adjusted Pay | | $97,475.47 | $98,858.11 | $101,394.36 | | | | | |
| | | | | | | | | | | |
| Letitia Bullock | Back Pay Salary | | $0.00 | $0.00 | $0.00 | $0.00 | $495.18 | | | $495.18 |
| | Back Pay Supplemental | | $0.00 | $0.00 | $0.00 | $0.00 | | | | |
| | Actual Pay | n/a | n/a | n/a | n/a | $56,597.00 | $60,317.82 | $63,480.00 | | |
| | Adjusted Pay | | | | | | $60,813.00 | $63,480.00 | | |
| | | | | | | | | | | |
| Lourdes Bustos | Back Pay Salary | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| | Back Pay Supplemental | | $0.00 | $0.00 | $0.00 | $350.00 | $0.00 | $0.00 | | $350.00 |
| | Actual Pay | n/a | $40,796.50 | $44,138.00 | $44,179.00 | $46,633.50 | $49,418.00 | $53,405.76 | | |
| | Adjusted Pay | | | | | $46,983.50 | | $53,405.76 | | |
| | | | | | | | | | | |
| Laura Cohen | Back Pay Salary | | $1,440.98 | | | | | | | $1,440.98 |
| | Back Pay Supplemental | | $1,600.00 | $800.00 | | | | | | $2,400.00 |
| | Actual Pay | $72,967.00 | $77,345.02 | $81,543.00 | n/a | n/a | n/a | n/a | | |
| | Adjusted Pay | | $80,386.00 | $82,343.00 | | | | | | |
| | | | | | | | | | | |
| Rebecca Cortright | Back Pay Salary | | $1,006.40 | $5,352.72 | $3,814.68 | $0.00 | $1,153.16 | $0.00 | | $11,326.96 |
| | Back Pay Supplemental | | | | | | | | | |
| | Actual Pay | $61,410.00 | $65,094.60 | $69,000.28 | $73,140.30 | $79,981.00 | $84,879.86 | n/a | | |
| | Adjusted Pay | | $66,101.00 | $74,353.00 | $76,954.98 | $79,981.00 | $86,033.02 | | | |
| | | | | | | | | | | |
| Stephanie Czelder | Back Pay Salary | | $702.76 | | | | | | | $702.76 |
| | Back Pay Supplemental | | | | | | | | | |
| | Actual Pay | $47,712.50 | $50,575.25 | $53,073.00 | $54,980.00 | n/a | n/a | n/a | | |
| | Adjusted Pay | | $51,278.01 | $53,073.00 | $54,980.00 | | | | | |
| | | | | | | | | | | |
| Cynthia Ditchfield | Back Pay Salary | | $525.48 | $1,482.07 | | | | | | $2,007.55 |
| | Back Pay Supplemental | | | $700.00 | | | | | | $700.00 |
| | Actual Pay | $64,359.00 | $68,746.16 | $72,870.93 | $77,369.03 | $83,759.03 | $86,640.50 | $92,667.75 | | |
| | Adjusted Pay | | $69,271.64 | $75,053.00 | $77,369.03 | $83,759.03 | $86,640.50 | $92,667.75 | | |
| | | | | | | | | | | |
| Carolyn Dyer | Back Pay Salary | | | | | | | | | |
| | Back Pay Supplemental | | | | | | $5,893.42 | | | $5,893.42 |

| Name | Category | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Actual Pay | n/a | n/a | n/a | n/a | $52,926.00 | $59,680.89 | $55,965.00 | |
| | Adjusted Pay | | | | | | $65,574.31 | $55,965.00 | |
| Jennifer Finch | Back Pay Salary | | | | | | | | |
| | Back Pay Supplemental | | | | | | $7,270.49 | | $7,270.49 |
| | Actual Pay | $56,963.00 | $59,353.00 | $61,460.00 | $63,313.00 | $70,921.44 | $73,431.91 | $70,950.00 | |
| | Adjusted Pay | | | | | | $80,702.40 | $70,950.00 | |
| Lorena Griffin | Back Pay Salary | | | | | | | | |
| | Back Pay Supplemental | | | | $2,600.00 | | | | $2,600.00 |
| | Actual Pay | $55,008.50 | $56,104.50 | $55,512.41 | $58,928.00 | $60,747.75 | $62,109.50 | $63,819.00 | |
| | Adjusted Pay | | $56,104.50 | $55,512.41 | $61,528.00 | $60,747.75 | $62,109.50 | $63,819.00 | |
| Laura Haber Hiestand | Back Pay Salary | | | $762.80 | | | | | $762.80 |
| | Back Pay Supplemental | | | | | | | | |
| | Actual Pay | $79,592.00 | $79,411.52 | $84,176.21 | $88,208.00 | n/a | n/a | n/a | |
| | Adjusted Pay | | $79,411.52 | $84,939.01 | $88,208.00 | | | | |
| Molly Headtke | Back Pay Salary | | $425.28 | | | | | | $425.28 |
| | Back Pay Supplemental | | $100.00 | | | | | | $100.00 |
| | Actual Pay | $61,929.00 | $65,644.74 | $69,882.00 | $73,901.00 | $77,176.00 | $81,993.00 | $83,635.00 | |
| | Adjusted Pay | | $66,170.02 | $69,882.00 | $73,901.00 | $77,176.00 | $81,993.00 | $83,635.00 | |
| Cynthia Howie | Back Pay Salary | | | | | | | | |
| | Back Pay Supplemental | | | | | | $2,350.00 | | $2,350.00 |
| | Actual Pay | n/a | n/a | n/a | $47,037.00 | $48,141.76 | $51,454.00 | $52,265.00 | |
| | Adjusted Pay | | | | $47,037.00 | $48,141.76 | $53,804.00 | $52,265.00 | |
| Aban Irani | Back Pay Salary | | $613.48 | | | | | | $613.48 |
| | Back Pay Supplemental | | $100.00 | | | | | | $100.00 |
| | Actual Pay | $50,492.00 | $54,221.52 | n/a | n/a | n/a | n/a | n/a | |
| | Adjusted Pay | | $54,935.00 | | | | | | |
| Tricia Kassem | Back Pay Salary | | | | | | $1,432.32 | | $1,432.32 |
| | Back Pay Supplemental | | | | | $2,050.00 | $5,300.00 | | $7,350.00 |
| | Actual Pay | $59,968.00 | $62,624.00 | $64,710.75 | $71,763.00 | $75,561.00 | $80,144.66 | $87,257.50 | |
| | Adjusted Pay | | $62,624.00 | $64,710.75 | $71,763.00 | $77,611.00 | $86,876.98 | $87,257.50 | |
| Katherine Killion | Back Pay Salary | | | | | | | | |
| | Back Pay Supplemental | | | | | | $8,519.51 | | $8,519.51 |
| | Actual Pay | $65,424.00 | $68,041.00 | $70,422.00 | $87,278.01 | $76,468.50 | $85,068.06 | $79,013.68 | |
| | Adjusted Pay | | $68,041.00 | $70,422.00 | $87,278.01 | $76,468.50 | $93,587.57 | $79,013.68 | |

| Name | Item | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Sheila Kingry | Back Pay Salary | | | | | | $576.84 | | $576.84 |
| | Back Pay Supplemental | | | | | | | | |
| | Actual Pay | $44,585.00 | $46,333.00 | $47,945.00 | $49,615.00 | $53,003.00 | $56,183.18 | $61,056.00 | |
| | Adjusted Pay | | $46,333.00 | $47,945.00 | $49,615.00 | $53,003.00 | $56,760.02 | $61,056.00 | |
| **Margaret Kinnamon** | **Back Pay Salary** | | | $1,110.72 | | | | | $1,110.72 |
| | **Back Pay Supplemental** | | | | | | | | |
| | **Actual Pay** | $65,135.00 | $67,688.00 | $71,749.28 | $75,410.00 | $81,364.00 | $84,140.14 | $86,122.97 | |
| | **Adjusted Pay** | | $67,688.00 | $72,860.00 | $75,410.00 | $81,364.00 | $84,140.14 | $86,122.97 | |
| Charles Koplinski | Back Pay Salary | | $3,361.08 | $1,631.20 | | | | | $4,992.28 |
| | Back pay Supplemental | | | | $1,200.00 | | | | $1,200.00 |
| | Actual Pay | $69,699.00 | $73,880.94 | $78,313.80 | $82,769.00 | $87,623.00 | $88,661.00 | $91,050.00 | |
| | Adjusted Pay | | $77,242.02 | $79,945.00 | $83,969.00 | $87,623.00 | $88,661.00 | $91,050.00 | |
| **Melissa Lundberg** | **Back Pay Salary** | | | | | | | | |
| | **Back Pay Supplemental** | | $1,580.00 | $163.48 | | | | | $1,743.48 |
| | **Actual Pay** | $52,850.00 | $55,643.52 | $59,086.54 | $61,554.52 | $63,487.52 | $65,758.00 | $66,808.25 | |
| | **Adjusted Pay** | | $57,223.52 | $59,250.02 | $61,554.52 | $63,487.52 | $65,758.00 | $66,808.25 | |
| Kathy McClellan | Back Pay Salary | | | | | | | | |
| | Back Pay Supplemental | | $1,000.00 | $1,000.00 | | | | | $2,000.00 |
| | Actual Pay | $77,271.00 | $81,236.00 | $83,718.59 | $87,400.50 | $90,994.50 | $93,421.24 | n/a | |
| | Adjusted Pay | | $82,236.00 | $84,718.59 | $87,400.50 | $90,994.50 | $93,421.24 | | |
| **Renee McElwain** | **Back Pay Salary** | | | $141.24 | | | | | $141.24 |
| | **Back Pay Supplemental** | | | | $382.31 | | | | $382.31 |
| | **Actual Pay** | $66,225.00 | $70,313.00 | $74,531.78 | $80,628.69 | $81,773.00 | $83,492.00 | $88,241.00 | |
| | **Adjusted Pay** | | $70,313.00 | $74,673.02 | $81,011.00 | $81,773.00 | $83,492.00 | $88,241.00 | |
| Megan McGinty | Back Pay Salary | | | | | | | | |
| | Back Pay Supplemental | | | $1,537.52 | $3,518.76 | $4,600.00 | $3,637.52 | | $13,293.80 |
| | Actual Pay | $43,264.50 | $44,615.81 | $45,946.50 | $48,846.25 | $54,000.00 | $56,682.50 | $61,479.00 | |
| | Adjusted Pay | | $44,615.81 | $47,484.02 | $52,365.01 | $58,600.00 | $56,682.50 | $61,479.00 | |
| **Katherine Mclean** | **Back Pay Salary** | | | | | | $496.76 | | $496.76 |
| | **Back Pay Supplemental** | | | | | | | | |
| | **Actual Pay** | n/a | n/a | n/a | $55,895.50 | $55,854.00 | $59,205.24 | $61,744.00 | |
| | **Adjusted Pay** | | | | | $55,854.00 | $59,702.00 | $61,744.00 | |
| Lorna Mesri | Back Pay Salary | | | $219.24 | | | | | $219.24 |
| | Back Pay Supplemental | | | | | | | | |
| | Actual Pay | $70,710.00 | $70,041.30 | $74,243.78 | n/a | n/a | n/a | | |

| Name | Category | | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | Adjusted Pay | | $70,041.30 | $74,463.02 | | | | | | |
| **Kelli Mills** | **Back Pay Salary** | | | | | | | | | |
| | **Back Pay Supplemental** | | $9,040.62 | | | | | | | $9,040.62 |
| | **Actual Pay** | $65,925.00 | $69,592.00 | $71,551.00 | $72,267.00 | $74,688.00 | $76,824.00 | $80,550.00 | | |
| | **Adjusted Pay** | | $78,632.62 | $71,551.00 | $72,267.00 | $74,688.00 | $76,824.00 | $80,550.00 | | |
| Jonathan Morrison | Back Pay Salary | | | | | | | | | |
| | Back Pay Supplemental | | $6,609.52 | $2,084.52 | $2,431.94 | $2,431.94 | | | | $13,557.92 |
| | Actual Pay | $60,409.00 | $64,033.44 | $69,582.00 | $72,281.00 | $72,196.00 | n/a | n/a | | |
| | Adjusted Pay | | $70,642.96 | $71,666.52 | $74,712.94 | $74,627.94 | | | | |
| **Tamra Neal** | **Back Pay Salary** | | | | | | $268.04 | | | $268.04 |
| | **Back Pay Supplemental** | | | | | | | | | |
| | **Actual Pay** | n/a | n/a | n/a | n/a | $49,016.00 | $52,731.96 | $53,990.00 | | |
| | **Adjusted Pay** | | | | | | $53,000.00 | $53,990.00 | | |
| Jennifer Powell | Back Pay Salary | | | | | | $892.64 | | | $892.64 |
| | Back Pay Supplemental | | | | | | | | | |
| | Actual Pay | $33,761.50 | $70,224.00 | $72,682.00 | $76,026.00 | $78,402.25 | $83,907.38 | $87,550.00 | | |
| | Adjusted Pay | | $70,224.00 | $72,682.00 | $76,026.00 | $78,402.25 | $84,800.02 | $87,550.00 | | |
| **Lisa Quinn** | **Back Pay Salary** | | | | | | | | | |
| | **Back Pay Supplemental** | | $125.00 | $925.00 | $125.00 | | $1,443.76 | | | $2,618.76 |
| | **Actual Pay** | $75,956.00 | $78,836.00 | $81,543.00 | $84,397.00 | $87,265.00 | $93,516.50 | $93,585.00 | | |
| | **Adjusted Pay** | | $78,961.00 | $82,468.00 | $84,522.00 | $87,265.00 | $94,960.26 | $93,585.00 | | |
| Jill Quisenberry | Back Pay Salary | | $1,831.40 | $65.20 | | | | | | $1,896.60 |
| | Back Pay Supplemental | | | | | | | | | |
| | Actual Pay | $69,060.00 | $73,203.60 | $79,095.82 | $81,919.00 | $85,594.50 | $85,832.00 | $86,122.97 | | |
| | Adjusted Pay | | $75,035.00 | $79,161.02 | $81,919.00 | $85,594.50 | $85,832.00 | $86,122.97 | | |
| **Gail Rudisill** | **Back Pay Salary** | | | | | | | | | |
| | **Back Pay Supplemental** | | $2,865.63 | $3,138.87 | | | | | | $6,004.50 |
| | **Actual Pay** | $89,383.66 | $92,313.66 | $95,657.41 | $90,983.66 | $93,233.66 | $95,927.67 | n/a | | |
| | **Adjusted Pay** | | $95,179.29 | $98,796.28 | $90,983.66 | $93,233.66 | $95,927.67 | | | |
| Karen Schreiber | Back Pay Salary | | | | | | $791.68 | | | $791.68 |
| | Back Pay Supplemental | | | | | | | | | |
| | Actual Pay | $65,424.00 | $68,041.00 | $70,422.00 | $74,647.32 | $77,891.00 | $80,227.73 | $83,837.98 | | |
| | Adjusted Pay | | $68,041.00 | $70,422.00 | $75,439.00 | $77,891.00 | $80,227.73 | $83,837.98 | | |
| **Michelle Shaw** | **Back Pay Salary** | | $2,529.00 | | $718.20 | | | | | $3,247.20 |

| Name | Category | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| | Back Pay Supplemental | | | $217.00 | $1,383.32 | | | | | $1,600.32 |
| | Actual Pay | $61,830.50 | $64,800.00 | $68,763.00 | $72,888.78 | $80,948.00 | $83,617.00 | $87,186.00 | |
| | Adjusted Pay | | $67,329.00 | $68,980.00 | $74,990.30 | $80,948.00 | $83,617.00 | $87,186.00 | |
| Stacy Uebelhoer | Back Pay Salary | | | | $470.00 | | | | | $470.00 |
| | Back Pay Supplemental | | | | | | | | |
| | Actual Pay | $38,924.00 | $40,515.00 | $41,933.00 | $44,448.98 | n/a | n/a | n/a | |
| | Adjusted Pay | | $40,515.00 | $41,933.00 | $44,918.98 | | | | |
| Mary Ann Voudrie | Back Pay Salary | | | | $317.52 | | | | | $317.52 |
| | Back Pay Supplemental | | | | | | | | |
| | Actual Pay | $51,950.00 | $52,377.00 | $52,558.00 | $55,711.48 | $56,840.00 | $58,531.00 | $61,850.00 | |
| | Adjusted Pay | | $52,377.00 | $52,558.00 | $56,029.00 | $56,840.00 | $58,531.00 | $61,850.00 | |
| Tracy Welch | Back Pay Salary | | | | | | | | |
| | Back Pay Supplemental | | $400.10 | | | | | | | $400.10 |
| | Actual Pay | $84,123.50 | $89,170.91 | $94,134.20 | $99,160.00 | $95,870.50 | $97,674.49 | $102,022.34 | |
| | Adjusted Pay | | $89,571.01 | $94,134.20 | $99,160.00 | $95,870.50 | $97,674.49 | $102,022.34 | |
| Theresa Williams | Back Pay Salary | | | | | | | | |
| | Back Pay Supplemental | | $5,740.62 | $3,713.85 | $3,018.78 | $4,769.85 | $3,950.01 | | | $21,193.11 |
| | Actual Pay | $79,596.00 | $82,367.00 | $85,632.50 | $89,319.00 | $90,983.00 | $91,071.00 | $98,516.00 | |
| | Adjusted Pay | | $88,107.62 | $89,346.35 | $92,337.78 | $95,752.85 | $95,021.01 | $98,516.00 | |
| Angela Wyatt | Back Pay Salary | | | $1,799.00 | $310.92 | | | | | $2,109.92 |
| | Back Pay Supplemental | | | | | | | | |
| | Actual Pay | $63,561.50 | $67,300.00 | $71,118.00 | $75,275.08 | $78,157.00 | $36,987.41 | n/a | |
| | Adjusted Back Pay | | $67,300.00 | $72,917.00 | $75,586.00 | $78,157.00 | $36,987.41 | | |

| DEFINITIONS: | |
|---|---|
| Back Pay Salary | The amount that would have been paid as salary but for the dispute, and is actually being paid to resolve the dispute |
| Back Pay Supplemental | The amount that would have been paid as supplemental pay but for the dispute, and is actually being paid to resolve the dispute |
| Actual Pay | The amount that was actually paid prior to resolution of the dispute |
| Adjusted Back Pay | The total amount of creditable earnings with the addition of salary and supplemental pay that was not paid due to the dispute, and is the actual total creditable earnings to resolve the dispute |

# EXHIBIT B

## **RELEASE AGREEMENT**

In consideration of $X,XXX to be paid to me by Urbana District No 116, in connection

with the resolution of <u>EEOC v. Urbana School District No. 116</u>, Case No. 18-cv-02212-CSB-

EIL (C.D. Ill.), I waive my right to recover for any claims of employment discrimination arising

under the Age Discrimination in Employment Act that I had against Urbana School District No.

116 on or before the date of this release and that were included in the claims in EEOC's

complaint in <u>EEOC v. Urbana School District No. 116</u>.


Signed: _____          Date: _____
                    [NAME]

Mailing Address:

_____

_____

# EXHIBIT C

## NOTICE TO URBANA SCHOOL DISTRICT NO. 116 EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Central District of Illinois in <u>EEOC v. Urbana School District No. 116</u>, Case No. 18-cv-02212-CSB-EIL (C.D. Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Urbana School District No. 116 ("the District").

In this lawsuit, the Court found that the District violated the Age Discrimination in Employment Act ("ADEA") by capping the compensation of teachers and other licensed or certificated employees and limiting their ability to engage in extra or supplemental work due to their age.

To resolve this case, the EEOC and the District have entered into a Consent Decree requiring, among other things, that:

1.  The District will make a monetary payment to the employees affected by the violations;

2.  The District will not engage in any employment practice prohibited by the ADEA, including limiting compensation based on age or proximity to retirement eligibility;

3.  The District will not retaliate against anyone for making a report or complaint about unlawful employment discrimination, for filing a charge of discrimination, or for participating in any way in a proceeding under the ADEA; and

4.  The District will train certain management employees regarding their duties, rights, and obligations under the ADEA.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex, religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Urbana School District No. 116 Consent Decree Compliance; EEOC – Legal Unit; 230 S Dearborn, Suite 2920; Chicago, Illinois 60604.

| 4/17/2024 | s/ Sue E. Myerscough |
| --- | --- |
| Date | Judge Sue E. Myerscough<br>United States District Court |